IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT J. MARSHAL,<br><br>    Plaintiff,<br><br>v.<br><br>SAM LOMBARDO, *Warden;* JAMES MCCLOSKEY, *Deputy Warden;* DR. CATHY MOYER; MICHELLE WORMUTH, *LPN;* HONORABLE FREDRIC J. AMMERMAN, *Chairman, Clearfield County Prison Board;* MARK MCCRACKEN, *County Commissioner;* MIKE LYTLE, *County Commissioner;* REX READ, *County Commissioner;* JR. WILLIAM A. SHAW, *District Attorney;* DON M. MCCLUSICK, *Director of Probation;* CHESTER HAWKINS, *Sheriff;* and CLAUDIA READ, *Controller*<br><br>    Defendants. | Civil Action No. 06 - 215J<br><br>Judge Kim R. Gibson /<br>Magistrate Judge Lisa Pupo Lenihan<br>Doc. Nos. 26, 33, 35 |

## ORDER

  Plaintiff, Lamont J. Marshal, a prisoner at Clearfield County Prison, has submitted a complaint for filing in this district along with a motion to proceed in forma pauperis, which has been granted. His complaint alleges certain civil rights violations, including but not limited to an alleged violation, by certain medical personnel of the prison, of his rights pursuant to the 8th Amendment based upon their deliberate indifference to his medical needs. One of those defendants, Kathy J. Moyer, has filed a Praecipe for Judgment of Non Pros[1] pursuant to the Pennsylvania Rule

---

1.  While Defendant entitled the document Praecipe for Judgment of Non Pros, it was properly docketed as a Motion to Dismiss as the federal rules of civil procedure do not recognize the praecipe for non pros.

of Civil Procedure 1042.6. This rule requires a certificate of merit to accompany any state court action alleging negligence via medical malpractice.

The Complaint is not entirely clear as to whether Plaintiff is also alleging a negligence claim against any of the defendants. Paragraph 27 contains the only mention of the word "negligence" and it is used in conjunction with the allegation of "deliberate indifference" as protected under the Eighth Amendment. Plaintiff has filed a Motion to Strike Defendant Wormuth's Preacipe for Judgment of Non Pros (Doc. No. 29), stating that he is not asserting a medical malpractice or negligence claim against that Defendant, rather a claim under the Eighth Amendment. In response to Moyer's Praecipe he simply states that it should be stricken because he was not served [2].

The Court denied Defendant Wormuth's Praecipe, stating that Plaintiff did not allege any negligence claim against her and the motion was therefore improper and not necessary. This was clearly supported by Plaintiff's response wherein he states that he has asserted no negligence claim against that Defendant. No similar response has been filed here and, although the Court does not believe the Complaint sets forth such a claim, in the interest of complete clarity moving forward, it will address Defendant's assertions of the applicability of Pennsylvania Rule of Civil Procedure 1042.3 to a federal action.

Under Pennsylvania Rule of Civil Procedure 1042.3 it is provided that:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney.

---

[2]. To which Defendant Moyer replies that Plaintiff was indeed served.

The Pennsylvania certificate of merit requirement has been held by many district courts to be a substantive rule and, therefore, constitutes as controlling substantive law to be applied by federal courts sitting in diversity under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Schwalm v. Allstate Boiler & Constr., Inc., No. 04-CV-593, 2005 U.S. Dist. LEXIS 12422, at *4 (M.D. Pa. May 17, 2005). The United States Supreme Court has ruled that all federal courts, when sitting in diversity cases and when deciding questions of "substantive" law, are to be bound by state court decisions as well as state statutes. Hanna v. Plumer, 380 U.S. 460, 465 (1965). Therefore, when a federal court is sitting in diversity it must apply state substantive law and federal procedural law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000).

The Third Circuit has recently ruled on an issue concerning a certificate of merit and concluded that the New Jersey affidavit of merit, which is analogous to the Pennsylvania certificate of merit rule, must be applied as substantive state law by federal courts sitting in diversity. Chamberlain, 210 F.3d at 168-161. After ruling that there was no direct collision between the federal law and a state statute, the court of appeals found that the state statute was outcome determinative on its face, and failure to apply it would encourage forum shopping and lead to the inequitable administration of the law. Id. For example, plaintiffs who have been unable to secure expert support for their claims and face dismissal under the statute in state court, may, by filing in the federal court, be able to survive beyond the pleading stage and secure discovery. The resulting opportunity for a "fishing expedition," which would hold the hope of turning up evidence of a meritorious claim or of a settlement to save defense litigation costs, can reasonably be expected to affect the forum choice of these plaintiffs. Id.

3

Also, the failure to apply the statute in federal court would implicate the second of the "twin aims" of Erie, inequitable administration of the laws. Id. For example, a defendant in a federal court that refused to apply the affidavit requirement would be unfairly exposed to additional litigation time and expense before the dismissal of a non-meritorious lawsuit could be secured, merely because the plaintiff is a citizen of a different state. Id. Further, the court of appeals perceived no overriding federal interest that would prevent application of the state law by the federal courts. Id.

The Pennsylvania Certificate of Merit requirement is similar to the New Jersey affidavit of merit in both its language and operation. Scaramuzza v. Sciolla, 345 F.Supp. 2d 508, 510 (E.D. Pa. 2004). Both the New Jersey statute and the Pennsylvania Rule of Civil Procedure include doctors and lawyers among the licensed professionals who fall within the ambit of the statute/rule. Id. Further, affidavit of merit statutes have been applied as substantive state law in numerous other federal courts as well. Id. This Court believes that the Third Circuit would reach the same result in regard to the Pennsylvania rule as it did with the New Jersey rule.

Therefore, to the extent that Plaintiff is asserting any claims for medical negligence or medical malpractice in his Complaint,

**IT IS ORDERED**, this 13th day of April, 2007, that all such claims against any medical defendant are **STRICKEN**;

**IT IS FURTHER ORDERED** the Motion to Dismiss (Praecipe for Non Pros) (Doc. No. 26) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Motion to Disregard the Praecipe is **DENIED** as moot;

**AND IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

~~Lisa~~ Pupo Lenihan
U.S. Magistrate Judge

cc:
Lamont J. Marshal
06-000285
Clearfield County Prison
115 21st Street
Clearfield, PA 16830

Counsel of Record