```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| LAMONT J. MARSHAL, | ) |
| | ) Civil Action No. 06 - 215J |
| | ) |
| Plaintiff, | ) Judge Kim R. Gibson / |
| | ) Magistrate Judge Lisa Pupo |
| v. | ) Lenihan |
| | ) Doc. Nos. 21 & 23 |
| | ) |
| SAM LOMBARD, Warden; JAMES | ) |
| MCCLOSKEY, Deputy Warden; DR. | ) |
| CATHY MOYER;  MICHELLE WORMUTH, | ) |
| LPN; HONORABLE FREDRIC J. | ) |
| AMMERMAN, Chairman, Clearfield | ) |
| County Prison Board; MARK | ) |
| MCCRACKEN, County Commissioner; | ) |
| MIKE LYTLE, County Commissioner; | ) |
| REX READ, County Commissioner; | ) |
| WILLIAM A. SHAW, JR., District | ) |
| Attorney; DON M. MCCLUSICK, | ) |
| Director of Probation; CHESTER | ) |
| HAWKINS, Sheriff;  and CLAUDIA | ) |
| READ, Controller, | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.       RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Read, Shaw, McClusick, Hawkins, Read, Lombardo, McCloskey, Wormuth, Ammerman, McCracken, and Lytle (doc. no. 21) be denied and that the Motion to Dismiss filed by Defendant Dr. Cathy Moyer (doc. no. 23) be granted.

**II.      REPORT**

Plaintiff, Lamont J. Marshall, an inmate previously incarcerated at the Clearfield County Prison (CCP), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Named as Defendants are the following: Sam Lombard, Warden of CCP; James McCleskey, Deputy Warden; Dr. Cathy Moyer; Michelle Wormuth, LPN; Honorable Frederic J. Ammerman, Chairman of the Clearfield County Prison Board (CCPB); Mark McCracken, Commissioner - CCPB; Mike Lyle, Commissioner of CCPB; Rex Read, Commissioner - CCPB, William A. Shaw, Jr., District Attorney - CCPB; Don McClusik, Director of Probation - CCPB; Chester Hawkins, Sheriff - CCPB and Claudia Read, Controller - CCPB. Plaintiff claims that Defendants have violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution by denying him adequate medical treatment, taking funds out of his prison account without due process of law, and failing to protect him from attack by other inmates.

**A. Standard of Review**

Defendants have filed motions to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (doc. nos. 21 and 23). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1964-65. The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material

allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).[1]

Moreover, *pro se* complaints should be read liberally; prisoners in particular are often at an informational disadvantage that may prevent them from pleading the full factual predicate for their claims. Alston v. Parker, 363 F.3d 229, 233-34 & n. 6 (3d Cir. 2004). To withstand a 12(b)(6) motion, a plaintiff need only make out a claim upon which relief can be granted; if more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules. *Id*.

### B. Plaintiff's Allegations

Plaintiff claims that on March 14, 2006, he was processed into the CCP on charges of possession of marijuana. After being on H block, Plaintiff began to feel uncomfortable with certain inmates and submitted four request slips to CCP staff requesting to be

---

1. Courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990); DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records); Barber v. Grow, 929 F. Supp. 820, 822 (E.D. Pa. 1996) (in considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account).

moved to another housing block.  Plaintiff's request slips went unanswered.  On April 11, 2006, Plaintiff was assaulted by inmate Cobby Taylor who came into his cell and smashed Plaintiff's head against the bars.  Plaintiff was placed on emergency life support and taken to the Clearfield County Hospital where he received fifty staples in his head to close the lacerations.  As a result of the assault, Taylor received a misconduct and was charged with criminal assault.  Plaintiff was not charged with any wrongdoing as a result of this incident but was required to pay fifty percent of his medical costs.

As a result of the assault, Plaintiff experienced severe headaches, dizziness, memory loss, impaired thinking and blackouts.  To this end, he wrote the medical department seeking follow-up treatment and to review his emergency room (ER) report.  Dr. Cathy Moyer prescribed Ibuprofen and LPN Warman told Plaintiff that the medical department had not received his ER Report and were waiting to review it to determine the extent of Plaintiff's injuries.

On April 15, 2006, Plaintiff filed a grievance concerning the lack of follow-up medical care.  His grievance was held to be without merit by grievance coordinator Deputy Warden McCleskey.  On April 24, 2006, Plaintiff filed another grievance stating that the medical department was using the lack of availability of the ER Report to deny him adequate medical treatment.  This grievance was not acknowledged.

On May 2, 2006, Plaintiff was released from the CCP on bail. On June 13, 2006, he was arrested on new charges and again placed in the CCP. When Plaintiff discovered that his inmate account was being charged for his medical expenses, he filed a grievance claiming that there was no basis to charge him because he was not at fault. This grievance was denied and Plaintiff appealed to the Clearfield County Prison Board (CCPB).

Still experiencing problems, Plaintiff sought medical treatment at CCP. On July 19, 2006, Plaintiff met with Dr Moyer and LPN Wormuth. The ER report was faxed to CCP and Dr. Moyer informed Plaintiff that the ER Report revealed evidence of brain swelling, brain bleeding and strokes. Dr. Moyer prescribed Neurotin, and anti-seizure medication when she determined that Plaintiff's blackouts were actually seizures. She also recommended a follow-up MRI and an examination with a neurologist. LPN Wormuth immediately spoke up informing Plaintiff that CCP would not pay for an MRI or a neurologist.

On July 26, 2006, Plaintiff filed a motion with the Clearfield County Court of Common Pleas requesting the recommended medical treatment. On August 7, 2006, the Honorable Frederic Ammerman denied Plaintiff's motion.

On July 29, 2006, Plaintiff wrote letters to Judge Ammerman and Mark McCracken as members of the CCPB requesting the recommended medical treatment and that he should not be responsible

for the costs. On August 10, 2006, the CCPB met and, in a three sentence memo through Warden Lombard, the CCPB directed Plaintiff to utilize the CCP medical department as per the inmate handbook. The CCPB refused to acknowledge Plaintiff's grievance appeals regarding his medical treatment and the confiscation of money from his inmate account.

### C. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

To establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195,

1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. *See also* Keenan v. Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

### D. Eighth Amendment Claims

The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Farmer v. Brennan, 511 U.S. 825, 832-833 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). Further, the Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 834 ("[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.' ") (quoting Rhodes v. Chapman, 452 U.S. 337, 345 (1981)).

In order to recover for an Eighth Amendment violation, a plaintiff must demonstrate two elements.  First, a plaintiff must allege that the deprivation is, objectively, "sufficiently serious," *i.e.*, a denial of the minimal civilized measure of life's necessities.  Second, a plaintiff must demonstrate that the prison official had a "sufficiently culpable state of mind" as "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  *Id*.  In a prison conditions claim, such culpability is shown when a prison official's actions or inactions result in "deliberate indifference" to inmate health or safety.  *Id*.  In this regard, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  <u>Farmer</u>, 511 U.S. at 837 (emphasis added).

A.        <u>Failure to Protect</u>

In the context of a "failure to protect" claim, a plaintiff must demonstrate that:  1) he is incarcerated under conditions posing a substantial risk of serious harm; and 2) prison officials showed "deliberate indifference" to such risk.  <u>Farmer</u>, 511 U.S. at 834.  Here, Plaintiff has alleged that he sent four request slips to CCP staff asking to be transferred to another area

of the prison and that his request slips were ignored. Such allegations are plausible to state a claim for relief. At this juncture, it is not known which Defendants were aware of such request slips and who had the authority and responsibility to act upon them. Consequently, Defendants' motion (doc. no. 21) should be denied as to this claim.

2.      Medical Treatment

Plaintiff's claims concerning his medical treatment also invoke the protections of the Eighth Amendment. To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable

state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

Here, Plaintiff's allegations reveal that his medical needs were "serious" enough to support an Eighth Amendment claim. In addition, with the exception of Dr. Moyer, Plaintiff's allegations are plausible to support a showing of deliberate indifference. With respect to Nurse Wormuth, Plaintiff claims that she told him that CCP would not pay for an MRI or neurological examination after Dr. Moyer specifically recommended such treatment. With respect to the CCPB members, Plaintiff alleges that he made them aware of his condition and his recommended treatment and they failed to do anything to insure he was treated despite recommendations by the prison doctor that he receive an MRI and a neurologist examination. Again, this Court does not know the authority and/or responsibility of the named Defendants in this regard to determine liability. Consequently, Defendants' Motion to Dismiss (doc. no. 21) should be denied.[2]

---

2. It should be noted that, contrary to Defendants' Motion, Judge Ammerman is not entitled to judicial immunity in this action as Plaintiff's allegations assert liability against Judge Ammerman in his role as a member of the CCPB and not in his capacity as a judge.

With respect to Dr. Moyer, Plaintiff's allegations are not plausible to show that she acted with deliberate indifference. Initially, Dr. Moyer prescribed Ibuprofen and was waiting on the ER Report to determine the necessity for additional treatment. After Plaintiff was incarcerated again, Dr. Moyer reviewed the ER Report and determined that Plaintiff's condition required an MRI and a neurologist examination. Such actions can not be considered to be deliberate indifference. Consequently, Dr. Moyer's Motion to Dismiss should be granted.

### E. Fourteenth Amendment - Due Process

An inmate has a property interest in the money in his inmate account, which he cannot be deprived of without procedural due process. Gillihan v. Shillinger, 872 F.2d 935 (10th Cir. 1989); Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985); Reynolds v. Wagner, 936 F. Supp. 1216 (E.D. Pa. 1996); Holloway v. Lehman, 671 A.2d 1179 (Pa. Commw. 1996).

Plaintiff claims that he was denied due process of law when the defendants deducted money from his inmate account without providing him notice and an opportunity to be heard as to the imposition of an assessment, or the actual amount of the assessment. This states a claim under the Fourteenth Amendment. Holloway v. Lehman, 671 A.2d 1179 (Pa. Cmwlth. 1996).[3] *See also*

---

3.   Holloway involved a suit by disciplined inmates challenging the procedure for valuing destroyed prison property and for
(continued...)

11

Quick v. Jones, 754 F.2d 1521 (9th Cir. 1984) (inmate stated claim for due process deprivation resulting from deduction of money from his prison account); Gillihan v. Shillinger, 872 F.2d 935 (10th Cir. 1989) (allegations of freezing of inmate's funds in his prison account sufficient to state civil rights claim for due process deprivation); Artway v. Scheidemantel, 671 F. Supp. 330 (D.N.J. 1987) (procedures whereby amount of restitution were determined without hearing were constitutionally defective).

Again, this Court can not determine individual liability for this claim as it does not know the responsibility and/or authority of any of the Defendants in this regard. Consequently, because Plaintiff's Complaint states a claim for the deprivation of his property without due process of law, Defendants' Motion to Dismiss (doc. no. 21) should be denied with respect to this claim.

**III.     CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendants Read, Shaw, McClusick, Hawkins, Read, Lombardo, McCloskey, Wormuth, Ammerman, McCracken, and Lytle (doc. no. 21) be denied and that the

---

3. (...continued)
deducting money from personal inmate accounts. The Court agreed with the inmates that the Commonwealth's procedure amounted to a deprivation of property without due process of law. The Court held that before an assessment of damages against an inmate could occur, the inmate must be provided an opportunity to challenge the assessment in a hearing.

Motion to Dismiss filed by Defendant Dr. Cathy Moyer (doc. no. 23) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: August 9, 2007

                                    Lisa Pupo Lenihan
                                    U.S. Magistrate Judge

cc:      Kim R. Gibson
          United States District Judge

          Lamont J. Marshall, GV-9769
          SCI Graterford
          P.O. Box 244
          Graterford, PA 19426

          Counsel of Record